IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 21, 2015 Session

## STATE OF TENNESSEE v. ROBERT R. BISHOP

**Appeal from the Criminal Court for Wilson County**
**No. 13-CR-858     David E. Durham, Judge**

---

**No. M2014-01485-CCA-R3-CD – Filed May 21, 2015**

---

Appellant, Robert R. Bishop, pleaded guilty to simple possession of a controlled substance and was sentenced to eleven months, twenty-nine days, suspended to probation.  Subsequently, the general sessions court found that appellant violated his probation.  He appealed the general sessions court's judgment to criminal court.  After a hearing, the criminal court also found that appellant had violated his probation.  He now appeals to this court, arguing that his due process rights were violated when the probation office disposed of potentially exculpatory evidence and that the minimum due process requirements for probation revocation proceedings were not met.  Following our review of the record, we affirm the judgment of the criminal court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

G. Kline Preston IV (on appeal); and Jesse C.M. Montagnino (at hearing and on appeal), Nashville, Tennessee, for the appellant, Robert R. Bishop.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Howard Lee Chambers, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Facts

Appellant pleaded guilty to simple possession of marijuana in the general sessions court of Wilson County on October 1, 2012, and received a sentence of eleven months,

twenty-nine days, suspended to probation. On May 21, 2013, the general sessions court issued a revocation warrant in which it was alleged by the probation officer that appellant had violated his probation by failing drug screens on December 28, 2012,[1] and May 17, 2013; by failing to pay fines, fees, and costs; by failing to report; and by failing to attend a low intensity outpatient program for rehabilitation. On November 13, 2013, the general sessions court concluded that appellant had violated the terms of his probation.

Appellant appealed to the criminal court, and a probation violation hearing was held in that court on July 22, 2014. Appellant called his probation officer, Terry Duncan, to testify at the hearing. Mr. Duncan testified that appellant was placed on probation on October 1, 2012. Mr. Duncan said that appellant first failed a drug screen on December 28, 2012. He explained that a negative test would be indicated by a line across the test strip. In appellant's case, no line appeared for THC, a chemical component of marijuana. Mr. Duncan testified that if he had any question about the result of a test, he would consider it a negative test; however, if a probationer disagreed with the test, the probationer would be given the option to have a laboratory test another sample. The probationer would be required to pay for the laboratory test himself.

Mr. Duncan stated that after appellant failed the May 17 drug screen, he wanted the laboratory test but did not have the funds immediately available to pay for it. Mr. Duncan allowed appellant to give a second urine sample and told appellant that he would store the sample until the following Monday at 10:00 a.m. Mr. Duncan said that he never heard from appellant again about the sample. Mr. Duncan testified that his office would only store samples for a short period of time because the samples were stored in a refrigerator where the employees also kept their food. Photographs of both the December and May drug screens were submitted as evidence.

On cross-examination, Mr. Duncan testified that appellant had not paid supervision fees and court costs. Mr. Duncan stated that after appellant failed a drug screen in December 2012, he should have enrolled in a low intensity outpatient program within the following two weeks to one month. Appellant never submitted to Mr. Duncan the form associated with enrolling in the outpatient program, and Mr. Duncan had no record of appellant's completing the outpatient program. Mr. Duncan testified that appellant also failed to complete a drug education class.

On re-direct examination, Mr. Duncan agreed that prior to the issuance of the violation warrant, appellant had paid over $800 of his court costs. He explained that appellant's owing $50 in supervisory fees indicated that appellant had not paid the required $10 per week for five weeks. Mr. Duncan described the outpatient program as a

---

[1] The record does not include a separate probation violation warrant premised on the December 2012 drug screen failure. Instead, the December drug screen failure was included as a probation violation on the May 21, 2013 warrant.

"get out of jail free card," a way for a probationer to avoid serving his sentence in jail. Mr. Duncan testified that the administrators of the outpatient program would report to the probation officers the names of those who had attended the program. The probationer would be responsible for submitting a completion certificate to the probation officers.

Appellant testified that he was placed on probation on October 1, 2012, and that he failed a drug screen in December 2012. He said that he did not smoke marijuana again after December. When he failed the drug screen in May 2013, he did not have his urine sample sent to the laboratory for additional testing because he was unable to return to the probation office within the allotted time due to sustaining a flat tire on his vehicle. Appellant testified that he did not call the probation office to explain his tardiness nor attempt to drive to the probation office because he believed that the probation officers would dispose of the sample if he were not at the office to pay for the laboratory fee on time. Appellant testified that he enrolled in the outpatient program within two weeks of failing his December drug screen. He said that he attended one class locally and thereafter took the classes "one on one" with the class instructor at the instructor's office in Murfreesboro. He estimated that he had taken ten to eleven of the required sixteen classes by the time the probation violation warrant was issued in May 2013. He continued taking his classes, however, and completed the program prior to a November 2013 court date in general sessions court. Appellant testified that he did not have a completion certificate.

The criminal court ruled that appellant violated his probation by testing positive for marijuana on December 28, 2012, and May 17, 2013. The court found that appellant waived his rights regarding the second test in May by failing to contact the probation office. The court also found that appellant's testimony regarding his completion of the outpatient program was "not very convincing." The court noted that if appellant had completed the program, he had "a duty as a probationer to furnish that information to his [probation officer] and to the State."

## II. Analysis

Appellant contends, in a two-prong argument, that the State violated his due process rights under *State v. Ferguson*, 2 S.W.3d 912 (Tenn. 1999), and *State v. Merriman*, 410 S.W.3d 779 (Tenn. 2013), by discarding potentially exculpatory evidence and that the criminal court abused its discretion by revoking his probation when the minimum due process requirements were not met. The State responds that the criminal court did not abuse its discretion because it relied on reasons both in addition to and separate from the failed May drug screen when it revoked appellant's probation. The State further postulates that (1) *Ferguson* and *Merriman* do not apply to probation revocation proceedings because the full panoply of due process protections do not apply

-3-

to probation revocations; and (2) the State did not have a duty under the circumstances to preserve the second urine speciman that was never tested.

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

In this case, the criminal court found that appellant had violated his probation by failing drug screens twice, in December and in May, and by failing to attend the outpatient program. The record shows that appellant failed a drug test in December and that he failed to complete enrollment paperwork for the outpatient program that the court required him to attend after the December drug screen failure. In addition, the outpatient program never reported appellant's attendance to his probation officer, and appellant did not provide a completion certificate to his probation officer. The criminal court specifically determined that appellant's testimony that he had completed the outpatient program was not credible. Appellant's probation officer also testified that appellant tested positive for marijuana at his May drug screen. Appellant has challenged the May drug screen result on due process grounds, but the record is clear that other substantial evidence existed supporting the criminal court's determination that appellant had violated his probation. Thus, it is unnecessary for this court to consider appellant's *Ferguson/Merriman* argument. We conclude that the criminal court did not abuse its discretion in revoking appellant's probation.

-4-

## CONCLUSION

Based on the record, the arguments of the parties, and the applicable law, we affirm the judgment of the criminal court.

_____
ROGER A. PAGE, JUDGE